**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susana E. Verduzco,<br><br>                    Plaintiff,<br><br>v.<br><br>United States Attorney's Office; Office of Attorney General; and Department of Justice,<br><br>                    Defendants. | No. CV-20-00049-PHX-DGC<br><br>**ORDER** |

This case arises out of the United States Attorney's Office's defense of Plaintiff's medical malpractice action against a physician at the Department of Veterans Affairs ("VA"). The United States has filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. Doc. 13. Plaintiff has filed a motion to strike the motion to dismiss, a motion to amend the complaint, and a motion for summary judgment. Docs. 14, 15, 17. The government has responded. Docs. 18, 20. No party requests oral argument. For reasons stated below, the Court will grant the government's motion and dismiss this action.

**I.    Background.**

On May 22, 2017, Plaintiff underwent surgery at the VA medical center in Phoenix. Two years later, she filed suit against VA doctor Kimberly Mulligan. *See Verduzco v. Mulligan*, No. CV-19-04745-PHX-DWL (D. Ariz. 2019) (formerly Maricopa Cty. Super.

Ct. No. CV 2019-007642). The United States was substituted as the defendant pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(b)(1). Doc. 5, No. CV-19-04745. Plaintiff's complaint was dismissed for failure to exhaust administrative remedies. Doc. 22, No. CV-19-04745.

Plaintiff filed the present action in January 2020. Doc. 1. She alleges, among other things, that the government "hijacked" the *Mulligan* case and submitted a fraudulent scope of employment certification. *Id.* at 2. The complaint asserts claims for breach of good faith and fair dealing, legal malpractice, abuse of power, deprivation of due process, and conspiracy and obstruction of justice. *Id.* at 2, 43-56. Plaintiff seeks $200 million in damages. *Id.* at 58.

**II.    The Government's Motion to Dismiss (Doc. 13).**

The government moves to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. 13. The government argues that the Court lacks jurisdiction over Plaintiff's claims because she failed to present an administrative claim before filing suit. *Id.* at 4-7. The Court agrees.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Before a court "may exercise jurisdiction over any suit against the government, [it] must have 'a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.'" *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)); *see United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 923-24 (9th Cir. 2009) (discussing the relationship between sovereign immunity and subject matter jurisdiction). "The government's waiver of sovereign immunity cannot be implied, but 'must be unequivocally expressed in statutory text.'" *Id.* (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

The FTCA, 28 U.S.C. §§ 1346(b), 2674, waives the United States' sovereign immunity for certain torts and wrongful acts committed by federal employees, but only

where the plaintiff "first exhausts [her] administrative remedies." *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1258 (9th Cir. 2008) (citing 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Plaintiff has not shown that prior to bringing this suit she "first presented the claim[s] to the appropriate Federal agency and [her claims were] finally denied by the agency in writing[.]" 28 U.S.C. § 2675(a).

Plaintiff asserts that she exhausted her administrative remedies when she "asked for a sum certain of $1,500 per day[.]" Doc. 14 at 2. But Plaintiff made this request in a motion for sanctions in the *Mulligan* case. Doc. 1-4 at 2-3, No. CV-19-04745. The motion did not put any federal agency on notice of the claims Plaintiff asserts in this action, and did not assert any tortious conduct or demand a lump sum payment from the United States. Instead, the motion requested that the state court impose sanctions against an Assistant United States Attorney ("AUSA") for "judicial interference" and "not . . . registering with the court as [Dr. Mulligan's] attorney of record[.]" *Id.* This is not an administrative claim against the United States to compensate for a tort committed by its employee, but an effort to force the AUSA to make an appearance in state court. *Cf. Brady v. United States*, 211 F.3d 499, 503 (9th Cir. 2000) (finding that the plaintiff's initial civil complaint "did not give the agency the timely notice of a live controversy that would have allowed the agency to investigate administratively and possibly settle the case before it resurfaced in district court").

Exhaustion of administrative remedies under the FTCA, 28 U.S.C. § 2675(a), "is a 'threshold jurisdictional requirement' and failure to comply results in an absolute bar to suit in the federal district court." *Nixon v. Francis*, No. CV-15-00247-TUC-JGZ (CRP), 2016 WL 825094, at *3 (D. Ariz. Feb. 16, 2016) (quoting *McNeil*, 508 U.S. at 113). Because Plaintiff has failed to exhaust her administrative remedies, the Court lacks subject matter jurisdiction. *See Ibrahim*, 538 F.3d at 1258 ("[The FTCA] only waives sovereign immunity if a plaintiff first exhausts [her] administrative remedies. Ibrahim didn't do this before she filed her complaint . . . . Dismissal with prejudice was therefore proper."); *Taylor v. United States*, No. CV-09-2393-PHX-DGC, 2011 WL 1843286, at *5 (D. Ariz.

May 16, 2011) ("[T]he Court is without jurisdiction over the claims asserted against the United States because Plaintiff has shown no waiver of sovereign immunity."); *Olmeda v. Babbits*, No. 07 CIV. 2140 (NRB), 2008 WL 282122, at *5 (S.D.N.Y. Jan. 25, 2008) ("[T]o the extent that Olmeda's complaint asserts non-constitutional, common law torts, any such claims are barred by Olmeda's failure to exhaust under the [FTCA].").[1]  The Court will grant the government's motion to dismiss.

### III. Plaintiff's Motion to Strike (Doc. 14).

Claiming that it is "a disgraceful and insufficient defense to the . . . allegations against the defendants[,]" Plaintiff moves under Rule 12(f) to strike the government's motion to dismiss.  Doc. 14 at 1.  Rule 12(f) authorizes the Court to strike insufficient defenses and certain improper matters "from a *pleading*[.]"  Fed. R. Civ. P. 12(f) (emphasis added).  A "motion to dismiss is not a pleading."  *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) (explaining that "Rule 7(a) defines 'pleadings' as a complaint and answer; a reply to a counterclaim; an answer to a cross-claim; and a third party complaint and answer[;]" and that "[a]nything else is a motion or paper.").  Because the government's motion to dismiss is not pleading, and is explicitly authorized under Rule 12(b)(1), "Plaintiff's reliance upon Rule 12(f) is wholly misplaced."  *Bey v. Gialketsis*, No. CV-16-02014-PHX-DJH, 2016 WL 9108758, at *1 (D. Ariz. Dec. 7, 2016); *see Dadon v. Stabile*, No. CV 19-107-JFW (AGR), 2019 WL 3293065, at *4 (C.D. Cal. June 17, 2019) ("Rule 12(f) applies only to pleadings, and a motion is not a pleading. . . . Thus, a motion may not be stricken under Rule 12(f).") (citing Fed. R. Civ. P. 7(a)); *Collaborative Continuing Educ. Council, Inc. v. Starks Realty Grp., Inc.*, No. 2:16-CV-01641-SRB, 2017 WL

---

[1] To the extent the complaint can be construed as asserting constitutional violations, those claims cannot be brought under the FTCA. *See Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011) ("Although these claims may be characterized as constitutional torts, they are not actionable under the FTCA because any liability would arise under federal rather than state law.  Accordingly, the FTCA does not provide a waiver of sovereign immunity for these claims."); *Pereira v. U.S. Postal Serv.*, 964 F.2d 873, 876 (9th Cir. 1992) ("Constitutional torts are, by definition, founded on federal, not state law. Therefore, federal district courts have no jurisdiction over the United States where claims allege constitutional torts."); *Horob v. United States*, No. CV 10-37-BLG-RFC-CSO, 2010 WL 2719829, at *1 (D. Mont. July 7, 2010) (explaining that "constitutional claims cannot be brought under the [FTCA]").

5714727, at *1 (D. Ariz. July 25, 2017) ("Under the express language of the rule, only pleadings are subject to motions to strike. A motion is not a pleading and therefore may not be the subject of a motion to strike under Rule 12(f).") (citations and alterations omitted). The Court will deny Plaintiff's motion to strike.

**IV.   Plaintiff's Motion to Amend Complaint (Doc. 15).**

Plaintiff moves to amend her complaint pursuant to Rule 15(a)(2), which provides that leave to amend "shall be freely given when justice so requires." The Ninth Circuit has noted that "Rule 15's policy of favoring amendments should be applied with extreme liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation omitted). But a district court may deny leave to amend where there is undue delay or bad faith on the part of the amending party, undue prejudice to the opposing party, or futility of the proposed amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

In violation of Local Rule of Civil Procedure 15.1(a), Plaintiff has failed to "attach a copy of the proposed amended pleading as an exhibit to the motion[.]" From the motion itself, however, it appears that Plaintiff seeks to add twelve defendants (two state and ten federal) in their individual capacities, and three causes of action – violations of the Health Insurance Portability and Accountability Act ("HIPAA"), the Fourteenth Amendment, and 18 U.S.C. § 1512. Doc. 15 at 2-4.[2]

The government notes, correctly, that the proposed amendments do not cure the lack of subject matter jurisdiction over the existing claims. Doc. 18 at 8. The government also argues that adding the proposed clams would be futile. *Id.* at 9-11. The Court agrees.

**A.   HIPPA.**

Plaintiff claims that certain defendants violated HIPAA when they "seized and moved" Plaintiff's health information from state court to this Court. Doc. 15 at 16-17. But

---

[2] The proposed defendants are President Donald Trump, Attorney General William Barr, District Judge Dominic Lanza, U.S. Attorneys Michael Bailey and Peter Lantka, AUSA Kwan Piensook, FBI Director Christopher Wray, DEA Administrator Uttam Dhillon, DOJ Inspector General Michael Horowitz, VA Inspector General Michael Missal, and Arizona Attorney General Mark Brnovich and Assistant Attorney General Carrie Smith. *Id.* at 2-3.

nothing in the record of the *Mulligan* case suggests that any of Plaintiff's medical records were "seized" from the state court. When the United States filed its notice of removal in *Mulligan*, it necessarily included as an attachment a complete copy of the state court record as required by Local Rule of Civil Procedure 3.6(b). Doc. 1-3, No. CV-19-04745. This included the medical records Plaintiff had attached as exhibits to her state court complaint. *Id.* It appears that Plaintiff publicly filed these records in state court, and that the records were redacted before they were filed in this Court. *See id.* at 65-72, 97-134, 155-70, 184-87, 202-33. Plaintiff does not explain how the filing of the state court record in this Court upon removal constitutes a violation of HIPAA.

Moreover, Plaintiff's proposed HIPAA claim fails as a matter of law because the statute provides that the Secretary of Health and Human Services, not a private individual, "shall pursue the action against an alleged offender[.]" *Logan v. Dep't of Veterans Affairs*, 357 F. Supp. 2d 149, 155 (D.D.C. 2004) (citing 42 U.S.C. §§ 1320d-5); *see Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides no private right of action."); *Webb v. U.S. Dep't of Veterans Affairs*, No. CV-19-02955-PHX-SPL, 2019 WL 6769698, at *1 n.2 (D. Ariz. Dec. 12, 2019) (same); *Montoya v. Arizona*, No. CV-18-08025-PCT-DGC (ESW), 2019 WL 4918119, at *1 (D. Ariz. Oct. 4, 2019) ("Courts have held that the exclusive remedy available for HIPAA violations is through the United States Department of Health and Human Services.") (citations omitted).

**B.     Fourteenth Amendment.**

Plaintiff claims that the filing of the *Mulligan* case "has triggered an unprecedented and repugnant breach of the Judicial Branch that has exposed an inappropriate and incestual relationship between the Arizona State judicial system and the Executive Branch of the United States[.]" Doc. 15 at 18. Plaintiff contends that President Trump and Attorney General Barr have impaired "her civil rights, as guaranteed by the Equal Protection[] Clause of the Fourteenth Amendment, against federal government aggression[.]" *Id.* at 19.

The Fourteenth Amendment applies to the states, not to the federal government. *Hopkins v. Aila*, No. CV 19-00321 JAO-WRP, 2019 WL 5213833, at *5 n.7 (D. Haw. Oct.

16, 2019) (citing *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987); *United States v. Navarro*, 800 F.3d 1104, 1112 n.6 (9th Cir. 2015)); *see District of Columbia v. Carter*, 409 U.S. 418, 424 (1973) (explaining that "actions of the Federal Government and its officers are beyond the purview of the [Fourteenth] Amendment"); *Life Savers Concepts Ass'n of Cal. v. Wynar*, 387 F. Supp. 3d 989, 997 (N.D. Cal. 2019) (noting that "the Fourteenth Amendment applies only to state actors"). And even if Plaintiff asserted a *Bivens* claim under the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228, 234 (1979), her allegations that "defendants Trump and Barr 'interfered in the independent prosecution'" of the *Mulligan* case are frivolous and fail to state a plausible claim to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### C. 18 U.S.C. § 1512.

Plaintiff appears to claim that the proposed defendants violated 18 U.S.C. § 1512 by removing the *Mulligan* action to this Court and substituting the United States as the defendant. Doc. 15 at 23-24. Section 1512 addresses witness tampering and provides for various criminal penalties depending on the offense conduct. It does not provide a private right of action. *See Banuelos v. Gabler*, No. 118CV00675LJOSAB, 2018 WL 2328221, at *4 (E.D. Cal. May 22, 2018) (examining § 1512 and other criminal statutes and finding that the plaintiff "cannot bring a civil suit for violation of these sections of Title 18 as they do not provide for a private right of action"); *Salem v. Arakawa*, No. CV 15-00384 LEK-KSC, 2016 WL 1043050, at *6 (D. Haw. Mar. 15, 2016) (private citizens cannot bring claims under criminal statutes.'") (citations omitted).

### D. Conclusion.

Plaintiff's proposed amendments do not cure the jurisdictional defect in her complaint and otherwise fail to state a claim to relief. Because the amendments would be futile, the Court will deny Plaintiff's motion to amend. *See Foman*, 371 U.S. at 182.

**V. Plaintiff's Motion for Summary Judgment (Doc. 19).**

Plaintiff moves for "summary judgment in the amount of $200 million dollars from each individual named in the motion to amend[.]" Doc. 19 at 1. The Court will deny leave

to amend, and lacks jurisdiction over the claims asserted in the complaint. The Court therefore will deny Plaintiff's summary judgment motion.

**IT IS ORDERED:**

1. The government's motion to dismiss the complaint for lack of subject matter jurisdiction (Doc. 13) is **granted**.

2. Plaintiff's motion to strike the motion to dismiss (Doc. 14) is **denied**.

3. Plaintiff's motion to amend the complaint (Doc. 15) is **denied**.

4. Plaintiff's motion to correct error (Doc. 17) is **granted**. The Court will disregard Exhibit A submitted on April 22, 2020 and will consider the exhibits attached to the motion.

5. Plaintiff's motion for summary judgment (Doc. 19) is **denied**.

6. The Clerk is directed to **terminate** this action.

Dated this 27th day of July, 2020.

David G. Campbell
Senior United States District Judge