**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susana E. Verduzco, | No. CV-20-00049-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| United States Attorney's Office; Office of Attorney General; and Department of Justice, | |
| Defendants. | |

This case arises out of the United States Attorney's Office's defense of Plaintiff's medical malpractice action against a physician at the Department of Veterans Affairs ("VA"). On July 27, 2020, the Court granted the government's motion to dismiss for lack of subject matter jurisdiction. Docs. 13, 22. Plaintiff has filed a motion to consolidate this action with "U.S. Supreme Court case 19-8789 for trial." Doc. 23. The Court will deny the motion.

**I.  Background.**

On May 22, 2017, Plaintiff underwent surgery at the VA medical center in Phoenix. Two years later, she filed suit against VA doctor Kimberly Mulligan. *See Verduzco v. Mulligan*, No. CV-19-04745-PHX-DWL (D. Ariz. 2019). The United States was substituted as the defendant under the Federal Tort Claims Act, 28 U.S.C. § 2679(b)(1).

Doc. 5, No. CV-19-04745. Plaintiff's complaint was dismissed for failure to exhaust administrative remedies. Doc. 22, No. CV-19-04745. The Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. Doc. 32, CV-19-04745. Plaintiff asserts that she has filed a petition for certiorari, which presumably is "U.S. Supreme Court case 19-8789" referenced in the present motion. *See* Doc. 23 at 5.

Plaintiff filed this action in January 2020. Doc. 1. She alleges, among other things, that the government "hijacked" the *Mulligan* case and submitted a fraudulent scope of employment certification. *Id.* at 2. The complaint asserts claims for breach of good faith and fair dealing, legal malpractice, abuse of power, deprivation of due process, and conspiracy and obstruction of justice. *Id.* at 2, 43-56. Plaintiff seeks $200 million in damages. *Id.* at 58.

Because Plaintiff failed to present an administrative claim before filing suit, the Court dismissed the complaint for lack of subject matter jurisdiction under the FTCA. Doc. 22 at 2-4. Plaintiff has appealed that ruling to the Ninth Circuit Court of Appeals. Docs. 24, 25.

## II.     Plaintiff's Motion to Consolidate.

Plaintiff moves to consolidate this case with U.S. Supreme Court case 19-8789 pursuant to Rule 42(a) of the Federal Rule of Civil Procedure. Doc. 23 at 7-8. Rule 42(a) permits the Court to consolidate cases in this district which, in the Court's judgment, involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *see also* LRCiv 42.1(a) (setting forth relevant factors for consolidating cases). The Court has "broad discretion" under Rule 42(a) "to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989); *see Caron v. Caesars Entm't Corp.*, No. CV-19-05922-PHX-MTL, 2020 WL 1323105, at *2 (D. Ariz. Mar. 20, 2020) ("The standard for transfer under LRCiv 42.1 is similar to the standard for consolidation under Rule 42(a), and this Court has broad discretion in determining whether to grant such motions.").

The Court does not have subject matter jurisdiction over this case and therefore cannot consolidate it with any other case. *See* Doc. 22 at 2-4. Nor would the Court be inclined to consolidate this case if jurisdiction existed. The Court will deny Plaintiff's motion.

**IT IS ORDERED** that Plaintiff's motion to consolidate and merge (Doc. 23) is **denied**.

Dated this 22nd day of September, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge