**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susana E. Verduzco, | No. CV-20-00049-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| United States Attorney's Office; Office of Attorney General; and Department of Justice, | |
| Defendants. | |

This case arises out of the United States Attorney's Office's defense of Plaintiff's medical malpractice action against a physician at the Department of Veterans Affairs ("VA"). On July 27, 2020, the Court granted the government's motion to dismiss for lack of subject matter jurisdiction. Docs. 13, 22. Plaintiff appealed that ruling to the Ninth Circuit Court of Appeals. Docs. 24, 25 (Case No. 20-16798). The Ninth Circuit has referred the matter to this Court for the limited purpose of determining whether in forma pauperis status should continue on appeal or whether the appeal is frivolous. Doc. 26 at 1 (citing 28 U.S.C. § 1915(a)(3)). For reasons stated below, the Court finds that Plaintiff's appeal is frivolous.

**I.    Background.**

On May 22, 2017, Plaintiff underwent surgery at the VA medical center in Phoenix. Two years later, she filed suit against VA doctor Kimberly Mulligan. *See Verduzco v.*

*Mulligan*, No. CV-19-04745-PHX-DWL (D. Ariz. 2019). The United States was substituted as the defendant under the Federal Tort Claims Act, 28 U.S.C. § 2679(b)(1). Doc. 5, No. CV-19-04745. Plaintiff's complaint was dismissed for failure to exhaust administrative remedies. Doc. 22, No. CV-19-04745. The Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. Doc. 32, CV-19-04745.

Plaintiff filed this action in January 2020. Doc. 1. She alleges, among other things, that the government "hijacked" the *Mulligan* case and submitted a fraudulent scope of employment certification. *Id.* at 2. The complaint asserts claims for breach of good faith and fair dealing, legal malpractice, abuse of power, deprivation of due process, and conspiracy and obstruction of justice. *Id.* at 2, 43-56. Plaintiff seeks $200 million in damages. *Id.* at 58.

## II.     Plaintiff's Appeal Is Frivolous.

"An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *In re Marino*, 949 F.3d 483, 489 (9th Cir. 2020) (quoting *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990)). The Court dismissed Plaintiff's complaint for lack of subject matter jurisdiction because she presented no administrative claim before filing suit and therefore failed to exhaust her administrative remedies as required under the FTCA. Doc. 22 at 2-4. Plaintiff asserted that she exhausted her administrative remedies when she "asked for a sum certain of $1,500 per day[.]" Doc. 14 at 2. But Plaintiff made this request in a motion for sanctions in the *Mulligan* case. Doc. 1-4 at 2-3, No. CV-19-04745. The motion did not put any federal agency on notice of the claims Plaintiff asserts in this action, and did not assert any tortious conduct or demand a lump sum payment from the United States. *See* Doc. 22 at 3. Because Plaintiff failed to exhaust her administrative remedies as required under the FTCA, subject matter jurisdiction does not exist and Plaintiff's appeal is frivolous. *See id.* at 3-4 (citing 28 U.S.C. § 2675(a); *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1258 (9th Cir. 2008) ("[The FTCA] only waives sovereign immunity if a plaintiff first exhausts [her] administrative

remedies. Ibrahim didn't do this before she filed her complaint . . . . Dismissal with prejudice was therefore proper.")).

**IT IS ORDERED:**

1. Plaintiff's appeal (Docs. 24, 25) is **frivolous** and her in forma pauperis status therefore is **revoked** and will not continue on appeal. *See* 28 U.S.C. § 1915(a)(3).

2. The Clerk is directed to provide a copy of this order to the Ninth Circuit. *See* Doc. 26.

Dated this 22nd day of September, 2020.

David G. Campbell
Senior United States District Judge